UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY DAWSON, individually and on behalf of all others similarly situated, | § § § § § § § § § § § § § § | Docket No. 4:14-CV-00328-KGB |
| Plaintiff, | | |
| v. | | |
| HALLIBURTON ENERGY SERVICES, INC., d/b/a HALLIBURTON, | | |
| Defendant. | | |

DEFENDANT'S ORIGINAL ANSWER

Defendant Halliburton Energy Services, Inc. files its Original Answer to the Original Complaint (the "Complaint") of Plaintiff Timothy Dawson as follows:

I. ANSWER

PRELIMINARY STATEMENTS

1.  Defendant admits that Plaintiff brings this action against Defendant but otherwise denies the allegations of Paragraph 1 of the Complaint.

2.  Defendant admits that Plaintiff purports to bring this action individually and on behalf of others that he alleges are similarly situated to him, but denies that Plaintiff may bring such a collective action, having waived his right to do so, and further denies that this case is suitable for collective treatment and denies that Plaintiff is similarly situated to the class of individuals he seeks to represent. Defendant further admits that Paragraph 2 of the Complaint

purports to describe the relief sought by Plaintiff and putative class members but denies that Plaintiff or putative class members have suffered or are entitled to any such relief. The remaining allegations of Paragraph 2 of the Complaint are denied.

3. Defendant denies the allegation of Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff's purported "Consent to Join" this lawsuit is attached to the Complaint but otherwise denies the allegations of Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff purports to bring this action as a representative action under the Fair Labor Standard Act ("FLSA") but denies that Plaintiff may bring such an action, having waived his right to do so, and further denies that this case is suitable for collective treatment and denies that Plaintiff is similarly situated to the class of individuals he seeks to represent. The remaining allegations of Paragraph 5 of the Complaint are denied.

## JURISDICTION AND VENUE

6. Defendant admits that this Court has jurisdiction over Plaintiff's claims but denies that the Court's jurisdiction extends to this case. Pursuant to agreement, Plaintiff's claims are subject to arbitration.

7. Defendant denies that venue is proper in this Court, as Plaintiff's claims are subject to arbitration and the acts complained of by Plaintiff in the Complaint did not occur in the Eastern District of Arkansas.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits that it conducts business within the State of Arkansas but otherwise denies the allegations of Paragraph 9 of the Complaint.

## THE PARTIES

10. Defendant incorporates by reference its admissions and denials to Paragraphs 1 through 9 of the Complaint.

11. Defendant lacks sufficient information to admit or deny where Plaintiff resides and therefore denies the allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegation of Paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff was at times employed by Defendant as a mud engineer during the three years preceding the filing of Plaintiff's lawsuit but denies that Plaintiff was employed as a mud engineer for the entirety of that period.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant admits the allegation of Paragraph 15 of the Complaint.

16. Defendant admits that it was Plaintiff's employer but otherwise denies the allegations of Paragraph 16 of the Complaint.

17. Defendant admits that it operates oil and gas services throughout the world but otherwise denies the allegations of Paragraph 17 of the Complaint.

18. Defendant admits the allegation of Paragraph 18 of the Complaint.

19. Defendant admits the allegation of Paragraph 19 of the Complaint.

FACTUAL ALLEGATIONS

20. Defendant incorporates by reference its admissions and denials to Paragraphs 1 through 19 of the Complaint.

21. Defendant admits that Plaintiff's employment was terminated on or about January 18, 2014. Defendant further admits that Plaintiff was hired by Defendant in August of 2010 but otherwise denies the remaining allegations of Paragraph 21 of the Complaint.

22. Defendant admits that Plaintiff was at times employed by Defendant as a mud engineer during the three years preceding the filing of Plaintiff's lawsuit but denies that Plaintiff was employed as a mud engineer for the entirety of that period.

23.     Defendant admits that Plaintiff's job duties as a mud engineer included the implementation of a drilling-fluids plan and the performance of drilling-fluids testing and evaluation at Defendant's customers' well sites but otherwise denies the allegation of Paragraph 23 of the Complaint.

24.     Defendant admits that Plaintiff was employed by Defendant as a Technical Advisor during the three years prior to Plaintiff filing this lawsuit and that Plaintiff excludes from his claim under the FLSA all such time periods.

25.     Defendant admits that Plaintiff was properly classified as exempt from the overtime requirements of the FLSA and paid on a salary basis but denies the remaining allegations of Paragraph 25 of the Complaint.

26.     Defendant admits that as a mud engineer Plaintiff was paid on a salary basis at a rate not less than $455 per week, and at times received additional compensation over and above his salary. The remaining allegations of Paragraph 26 of the Complaint are denied.

27.     Defendant admits that at times Plaintiff worked in excess of forty hours in a workweek. The remaining allegations of Paragraph 27 of the Complaint are denied.

28.     Defendant denies the allegations of Paragraph 28 of the Complaint.

29.     Defendant admits that Plaintiff was paid on a salary basis and was not paid overtime premiums but expressly denies that it has failed to pay Plaintiff any required wages. The remaining allegations contained of Paragraph 29 of the Complaint are denied.

REPRESENTATIVE ACTION ALLEGATIONS

30.     Defendant incorporates by reference its admissions and denials to Paragraphs 1 through 29 of the Complaint.

31.     Defendant admits that Plaintiff purports to bring his claim under the FLSA as a collective action, but denies that Plaintiff may bring such a collective action, having waived his

right to do so, and further denies that the individuals Plaintiff seeks to represent are similarly situated to Plaintiff and denies that this case is suitable for collective treatment. The remaining allegations of Paragraph 31 of the Complaint are denied.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

### LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

35. Defendant incorporates by reference its admissions and denials to Paragraphs 1 through 34 of the Complaint.

36. Defendant denies the allegation of Paragraph 36 of the Complaint.

37. Defendant admits that Plaintiff was exempt from the overtime requirements of the FLSA. The remaining allegations of Paragraph 37 of the Complaint are denied.

38. Defendant denies the allegation of Paragraph 38 of the Complaint.

39. Defendant denies the allegation of Paragraph 39 of the Complaint.

40. Defendant admits that Plaintiff purports to assert claims as an individual but denies that Plaintiff has suffered or has any right to recover for such alleged individual claims. The remaining allegations of Paragraph 40 of the Complaint are denied.

41. Defendant admits that Plaintiff purports to assert his rights to notify and represent individuals that he alleges are similarly situated to Plaintiff but Defendant expressly denies that Plaintiff has such rights, as he has waived them. Defendant further denies that the individuals Plaintiff seeks to represent are similarly situated to Plaintiff and denies that this case is suitable for collective treatment. The remaining allegations of Paragraph 41 of the Complaint are denied.

EQUITABLE TOLLING

42. Defendant incorporates by reference its admissions and denials to Paragraphs 1 through 41 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

PRAYER FOR RELIEF

Defendant denies that Plaintiff or those he seeks to represent are entitled to any relief sought, including the relief set forth in the Prayer of the Complaint and specifically at Subparagraphs A–F.

Any and all allegations not expressly admitted are denied.

## II. AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff has contractually agreed to submit any claims or disputes regarding the matters made the subject of this lawsuit to binding arbitration before a neutral arbitrator. This lawsuit violates that agreement and should be dismissed, and this Court should compel Plaintiff to honor his agreement to arbitrate.

2. Plaintiff has waived his right to proceed on a class, collective, or consolidated basis or to serve as a representative in a class or collective action against Defendant.

3. Some or all of the putative class members meet the requirements for exempt status under the FLSA, as they customarily and regularly perform the exempt duties or responsibilities of an executive, administrative or professional employee.

4. Some or all of the putative class members meet the requirements for exempt status under the FLSA, as their total annual compensation equals at least $100,000 and they customarily and regularly perform one or more of the exempt duties or responsibilities of an executive, administrative or professional employee.

5. Some or all of the putative class members are not subject to the overtime requirements of the FLSA, as they are within the authority of the Secretary of Transportation to establish qualifications and maximum hours of service pursuant to Section 204 of the Motor Carrier Act of 1935.

6. Defendant states that Plaintiff is not similarly situated to the class of individuals he purports to represent.

7. Collective relief is inappropriate because individual issues predominate over issues generally applicable to the collective action.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission of Defendant.

9. Plaintiff cannot recover overtime for time periods that fall within the "*de minimus*" exception.

10. Any failure to pay overtime wages, although such is not admitted and indeed is expressly denied, was made in good faith and in conformity with, and in reliance on applicable case law, administrative regulations, orders, rulings, approvals, interpretations, illustrated practices and/or enforcement policies of the Wage and Hour Division of the United States Department of Labor.

11. If there was a failure to pay overtime wages, although such is not admitted and indeed expressly denied, Plaintiff and others allegedly similarly situated cannot demonstrate that such failure constituted a willful violation of the FLSA or any other law.

12. Plaintiff's Complaint fails, in whole or in part, to state claims upon which relief can be granted.

13. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

14. Defendant reserves its right to amend or supplement this Original Answer to assert other and further defenses.

### III. PRAYER

WHEREFORE, Defendant Halliburton Company requests that Plaintiff take nothing and that judgment be entered for Defendant; that the Court compel Plaintiff to pursue his claims in arbitration pursuant to his agreement; that Defendant recover its attorneys' fees and costs; and that Defendant have such other and further relief to which it is entitled.

Respectfully submitted,

/s John C. Wander
JOHN C. WANDER
Texas Bar No. 00791877
VANESSA GRIFFITH
Texas Bar No. 00790469
Federal I.D. No. 20094
2001 Ross Ave., Suite 3700
Dallas, TX 75201-2975
Telephone:  (214) 220-7713
Facsimile:   (214) 999-7713
jwander@velaw.com
vgriffith@velaw.com

Attorneys for Defendant
HALLIBURTON COMPANY

## CERTIFICATE OF SERVICE

I certify that on July 21, 2014, the foregoing document was filed electronically through the Court's CM/ECF System and was automatically copied to Plaintiff through the Court's electronic filing system.

/s Vanessa Griffith
Attorney for Defendant